# UNITED STATES DISTRICT COURT
# DISTRICT OF MAINE

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| v. ) | Docket No. 2:17-cr-00088-NT |
| ) | |
| MATTHEW ROAF, ) | |
| ) | |
| Defendant. ) | |

## ORDER ON DEFENDANT'S MOTION FOR A BILL OF PARTICULARS

Before me is Defendant Matthew Roaf's motion for a bill of particulars. (ECF No. 33) ("**Def.'s Mot.**"). Mr. Roaf argues that the Indictment against him fails to provide him with sufficient information to prepare his defense, and creates a risk that he could be convicted without a true unanimous verdict or convicted of a crime with which he was not charged. Def.'s Mot. 1. The Government opposes the motion on the grounds that the Indictment is sufficiently specific and that the particulars Mr. Roaf requests are apparent in the discovery that the Government has provided. Gov't's Resp. 2-3 (ECF No. 36); Gov't's Supp. Resp. 1 (ECF No. 41). For the reasons set forth below, I **DENY** Mr. Roaf's motion for a bill of particulars.

## BACKGROUND

On June 20, 2017, Mr. Roaf was charged in a one-count Indictment, which asserted that:

> On about March 30, 2016, defendant Matthew Roaf knowingly and intentionally distributed a controlled substance, namely fentanyl, in violation of Title 21, United States Code, Section 841(a)(1).

Indictment 1 (ECF No. 3).

On September 22, 2017, Mr. Roaf filed a motion for a bill of particulars that requested information regarding: (1) the precise date on which the charged distribution allegedly occurred; (2) the municipality in which the distribution allegedly took place; (3) the time or approximate time of the alleged distribution; and (4) the name of the alleged distributee. Def.'s Mot. 1. Mr. Roaf explained that the Government believes he distributed drugs on more than one occasion "on about March 30, 2016," and that the Government intends to introduce evidence of multiple drug transactions at trial. Def.'s Mot. 1. Mr. Roaf further noted that the Government had produced "tens of thousands of pages of discovery" regarding many drug transactions, "some" of which could conceivably have involved Mr. Roaf. Def.'s Mot. 4. Mr. Roaf argued that without his requested particulars, he could not be certain what purported transaction he should prepare to defend. Def.'s Mot. 4-5.

In response to Mr. Roaf's motion, the Government argued that the Indictment is sufficiently specific and that the particulars were provided in discovery. Gov't's Resp. 1-2. In supplemental briefing, the Government specifically represented that the charge against Mr. Roaf relates to his alleged "distribution of fentanyl to L.H. on March 30, 2016 that [L.H.] subsequently distributed to a person who overdosed." Gov't's Supp. Resp. 1.

**DISCUSSION**

"Motions for bills of particulars are seldom employed in modern federal practice," and when they do arise "need be granted only if the accused, in the absence of a more detailed specification, will be disabled from preparing a defense, caught by

2

unfair surprise at trial, or hampered in seeking the shelter of the Double Jeopardy Clause." *United States v. Sepulveda*, 15 F.3d 1161, 1192-93 (1st Cir. 1993). "Generally, if the information sought by [the] defendant is provided in the indictment or in some acceptable alternate form, no bill of particulars is required." *United States v. Bortnovsky*, 820 F.2d 572, 574 (2d Cir. 1987); *see also Sepulveda*, 15 F.3d at 1193 ("open-file" discovery provided defendants with sufficient information to prepare for trial, obviating bill of particulars); *United States v. Boidi*, No. CRIM.A. 05-10025-GAO, 2006 WL 456004, at *4 (D. Mass. Feb. 24, 2006) (denying motion for bill of particulars where the government had offered to provide a brief letter giving additional details about the counts alleged).

The Indictment specifies the statute that Mr. Roaf allegedly violated (21 U.S.C. § 841(a)(1)), the nature of the charged misconduct (knowingly and intentionally distributing fentanyl), and the approximate date and location of the charged misconduct (about March 30, 2016 in the District of Maine). Indictment 1. Through its briefing, the Government has clarified the exact date of the alleged distribution (March 30, 2016), the initials of the individual to whom Mr. Roaf allegedly distributed the fentanyl (L.H.), and that the fentanyl Mr. Roaf allegedly distributed to L.H. was later redistributed to a person who overdosed. Gov't's Supp. Resp. 1. The Government has also represented that its disclosures include materials, including recorded testimony, that relate to this specific transaction. Gov't's Supp. Resp. 1.

I find that, taken together, the information in the Indictment and the additional specifics averred in the Government's briefing suffice to put Mr. Roaf on notice as to the drug transaction that constitutes the basis of the charge. Mr. Roaf's request for additional particulars is therefore obviated, and his motion is denied.

## CONCLUSION

For the reasons stated above, the Court **DENIES** the Defendant's motion.

SO ORDERED.

/s/ Nancy Torresen<br>United States Chief District Judge

Dated this 9th day of January, 2018.