# UNITED STATES DISTRICT COURT
# DISTRICT OF MAINE

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| v. | ) Docket No. 2:17-cr-00088-NT |
| | ) |
| MATTHEW ROAF, | ) |
| | ) |
| Defendant. | ) |

**ORDER ON DEFENDANT'S MOTION TO DISMISS COUNTS TWO AND THREE OF THE SUPERSEDING INDICTMENT AND FOR CLARIFICATION OF AND SEPARATE TRIAL CONCERNING COUNT ONE**

The Defendant seeks to dismiss Counts Two and Three of the Superseding Indictment and seeks clarification and a severance of Count One. Def.'s Mot. (ECF No. 63).[1] For the reasons that follow, I **DENY** the Defendant's motion.

## I. Count One

The Defendant seeks clarification on Count One "by bill of particulars or otherwise." Def.'s Mot. 1. He wishes to know whether the Government "contends the crime charged is a distribution to L.H.—or a serial distribution through L.H. to a person who overdosed, whom the defense understands based on discovery to be K.G." The Government responded that "[t]he superseding indictment alleges two substantive acts in furtherance of a drug conspiracy, the distribution of fentanyl to

---

[1] Count One of the Superseding Indictment alleges that on March 30, 2016, the Defendant distributed fentanyl in the District of Maine. Superseding Indictment 1 (ECF No. 54). Count Two of the Superseding Indictment alleges that on April 1, 2016, in the District of Maine, the Defendant possessed fentanyl with the intent to distribute. Superseding Indictment 1. Count Three alleges that beginning on an unknown date no later than March 26, 2016 and continuing until April 1, 2016, in the District of Maine and elsewhere, the Defendant knowingly and intentionally conspired with Lucas Heindenstrom and others, known and unknown, to distribute and possess with the intent to distribute fentanyl. Superseding Indictment 2. In his motion, Defendant misidentified Counts Two and Three. I have considered the Defendant's arguments as they applied to the appropriate charge.

Heindenstrom on March 30, 2016, and defendant's possession of fentanyl with the intent to distribute it on April 1, 2016." Resp. to Def.'s Mot. 6 (ECF No. 68). From this, I glean that the Government has provided the sought-after clarification. Count One (which is the only count in the indictment which mentions March 30, 2016), is asserting that the Defendant distributed fentanyl to Lucas Heindenstrom. Given that the clarification sought has been provided, I deny the motion for clarification as moot.

The Defendant also seeks to have Count One tried separately from Counts Two and Three. Under Rule 8 of the Federal Rules of Criminal Procedure:

> The indictment . . . may charge a defendant in separate counts with 2 or more offenses if the offenses charged . . . are of the same or similar character, or are based on the same act or transaction, or are connected with or constitute parts of a common scheme or plan.

Fed. R. Civ. P. 8(a). Relief from prejudicial joinder is available to a Defendant under Rule 14 of the Federal Rules of Criminal Procedure. "If the joinder of offenses . . . in an indictment . . . appear to prejudice a defendant . . . the court may order separate trials of [the] counts." Fed. R. Crim. P. 14(a).

The Defendant claims that he is prejudiced because he is charged in Count One with distributing to an individual who is named as a co-conspirator in Count Three. Defense counsel asserts that he has never before encountered a substantive offense that is alleging a distribution between alleged coconspirators. He describes the practice as "grossly exacerbat[ing] the unfairness of the government's use of conspiracy charges," which, in his view, "test the boundaries of fairness" to begin with. Def.'s Mot. 15-16. Although defense counsel has never before seen the practice,

2

he offers no authority that prohibits it.² And although he decries the practices as grossly unfair, the Defendant offers only one "example" of prejudice that would be caused by such an unusual charge: "statements by the alleged transferee would presumably be admissible as co-conspirator hearsay." Def.'s Mot. 16. The Defendant does not identify any such prejudicial co-conspirator statements, and, without knowing whether this issue will even surface, it is too thin a reed to support an order for separate trials.

The Government offers no defense of the intra-conspiratorial charging decision in its Response. It does, however, defend its decision to join the counts in the Indictment by pointing out that the conduct that gave rise to the counts involved the same controlled substance, occurred over a forty-eight hour time period, and involved the same participants, that is, the Defendant, Lucas Heindenstrom and others, known and unknown. As such, the counts "are of a similar character and part of a common scheme or plan" and, at least at this point in the proceedings, I consider them properly joined.

---

² Such charges are not unprecedented and courts have recognized that the term "distribute," as it is defined in 21 U.S.C. § 802(11), "is not restricted to distribution of a drug to the ultimate consumer," but rather "may, in appropriate circumstances, refer to the distribution of a controlled substance from one conspirator to another." *United States v. Pool*, 660 F.2d 547, 561 (5th Cir. 1981); *cf. United States v. Tuero*, 26 M.J. 106, 108 (C.M.A. 1988) (noting that under analogous provisions of the Manual for Courts-Martial, "[n]o exception is provided for delivery to the possession of co-conspirators . . . . This is basically a restatement of federal civilian criminal law which permits conviction for distribution between conspirators.").

## II. Counts Two and Three

The Defendant also seeks dismissal of Counts Two and Three on the ground that they lack a "definite written statement of the essential facts constituting the offense charged." Def.'s Mot. 6 (quoting Fed. R. Crim. P. 7(c)(1)). The Defendant filed a similar motion pertaining to Count One of the Indictment, and I denied that motion. Order on Def.'s Mot. for a Bill of Particulars (ECF No. 43).

Federal Rule of Criminal Procedure 7(c)(1) requires indictments to contain "a plain, concise, and definite written statement of the essential facts constituting the offense charged," but allows that the counts "may allege that the means by which the defendant committed the offense are unknown." Fed. R. Crim. P. 7(c)(1). As the First Circuit recently reaffirmed in *United States v. Stepanets*:

> An indictment need not say much to satisfy these requirements—it need only outline the elements of the crime and the nature of the charge so that the defendant can prepare a defense and plead double jeopardy in any future prosecution for the same offense. This means that an indictment that tracks a statute's terms is legally sufficient if the indictment itself gives the defendant adequate notice of the charges she must meet.

879 F.3d 367, 372 (1st Cir. 2018) (cites and quotations omitted). The First Circuit further reiterated that "the government need not recite all of its evidence in the indictment," and that "in seeing whether an indictment is up to snuff, a court must reject arguments that embrace technical niceties at the expense of common sense." *Id.* (internal quotations omitted).

Here, Counts Two and Three track the language of the charged statutory offenses. The Superseding Indictment also fills in the details of the charges, alleging the location (for Count Two, the District of Maine, and for Count Three, the District

4

of Maine and elsewhere), the timeframe (for Count Two April 1, 2016, for Count Three from no later than March 26, 2016, until April 1, 2016), and the relevant controlled substance (fentanyl). Superseding Indictment 1-2. For Count Three, the Superseding Indictment provides the identity of one of the Defendant's alleged co-conspirators (Mr. Heindenstrom), and describes the relevant agreement (the defendant "conspired with Lucas Heindenstrom and others . . . to distribute, and possess with the intent to distribute . . . fentanyl"). Superseding Indictment 2. I find that this suffices to apprise the Defendant of the charges he must meet, and fulfills the Government's burden under Federal Rule of Criminal Procedure 7(c)(1).

In his motion, the Defendant largely argues that the Government could have included additional details in the Superseding Indictment. *See* Def.'s Mot. 11-13. Perhaps, but there is no requirement that the Government present any more evidence than is necessary to give notice to the Defendant and to allow him to mount a defense. *See Stepanets*, 879 F.3d at 372. That the Government has done.[3]

---

[3] The Defendant characterizes the Superseding Indictment as similar to the indictment in *United States v. Cecil*, which the Ninth Circuit considered deficient despite the defendant's access to "open-file" discovery. Def.'s Mot. 9 (citing *United States v. Cecil*, 608 F.2d 1294 (9th Cir. 1979)). The comparison falls flat. The *Cecil* indictment alleged a conspiracy involving 11 members that spanned at least two states and a completely indefinite time-frame "beginning on or before July, 1975 and continuing thereafter until on or after October, 1975." 608 F.2d at 1297. The *Cecil* court found the "open-ended" daterange and the lack of any other particulars in the indictment unacceptable. *Id.*; *see also United States v. Gonzalez*, 915 F.2d 1557, at *6 (1st Cir. 1990) (rejecting defendant's reliance on *Cecil* for the proposition that open-ended date ranges are impermissible and noting that the *Cecil* court had found that the indictment was "overall, so factually deficient as to deprive the defendants of adequate notice of the charges against them"). Here, Count Three describes a conspiracy to distribute and to possess with intention to distribute fentanyl, of which two members are named, which took place in the District of Maine and in locations identifiable from discovery, and which was formed by March 26, 2016 and ended on April 1. The Superseding Indictment further asserts two charges against the Defendant for acts of distribution and possession that the Government represents were carried out in furtherance of that conspiracy. Resp. to Def.'s Mot. 6. Taken together, this forms a substantially stronger factual basis than existed in *Cecil*.

Finally, the Defendant brings a claim that the conspiracy count is fundamentally unfair. While defense counsel's general distaste for conspiracy charges is duly noted, I do not share his general concerns nor do I believe that the petit jury will be impossibly confused as to which conspiracy the grand jury charged.[4] The Superseding Indictment alleges a straightforward conspiracy with Lucas Heindenstrom to distribute fentanyl and alleges acts of possession and distribution that facially relate to that conspiracy. The Defendant has failed to point to any fatal gaps in the Superseding Indictment's charges, and his motion to dismiss is denied.

## CONCLUSION

For the reasons stated above, the Court **DENIES** the Defendant's motion.

SO ORDERED.

/s/ Nancy Torresen
United States Chief District Judge

Dated this 13th day of April, 2018.

---

[4] Given Count Three's allegation that the defendant "conspired with Lucas Heindenstrom and others . . . to distribute, and possess with the intent to distribute . . . fentanyl," I also fail to see the basis for counsel's argument that Count Three fails to indicate a specific agreement or the need to find an agreement. *See* Def.'s Reply 6 (ECF No. 69).